COPY

JAN 17, 2006

J. DAVID NAVARRO, Clerk
By J. EARLE
DEPUTY

**DENNIS M. CHARNEY, ISB #4610**
Attorney at Law
951 East Plaza Drive, Suite 140
Eagle, Idaho 83616
Telephone: (208) 938-9500
Facsimile: (208) 938-9504

Attorney for Plaintiff

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| JOEL D. HORTON, ) | |
| ) | Case No. CV OC 0600597 |
| Plaintiff, ) | |
| ) | |
| v. ) | **VERIFIED COMPLAINT AND** |
| ) | **DEMAND FOR JURY TRIAL** |
| DIRECTV, INC., ) | |
| ) | |
| Defendant. ) | |

Plaintiff, by and through his attorney of record, Dennis M. Charney, as and for a cause of action against the Defendant states and alleges as follows:

### STATUS OF PARTIES

1. Plaintiff Joel D. Horton is a resident of Ada County, Idaho.

2. Defendant DirectTV, Inc. is a corporation doing business in Ada County, Idaho.

### JURISDICTION AND VENUE

3. Jurisdiction lies in the District Court of the Fourth Judicial District of the State of Idaho as the dispute between Plaintiff and Defendant arose in Idaho and the amount in controversy exceeds $10,000.00.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - 1

4. Venue is proper in Ada County, Idaho, as the acts giving rise to this complaint occurred in Ada County and Defendant conducts business in Ada County.

5. Venue is also proper in Ada County pursuant to Idaho Code Section 48-608(2).

## GENERAL FACTUAL ALLEGATIONS

5. As of October 2004 the Plaintiff had been a customer of DirectTV for several years. In approximately October 2004 the Plaintiff received a solicitation from the Defendant to provide additional services. This solicitation required the installation of a second satellite dish and a new receiver at the Plaintiff's home.

6. The Plaintiff responded positively to the solicitation sent by Defendant and requested that a representative of Defendant appear at his home to install the new satellite dish and receiver.

7. The Plaintiff waited at his residence on the day that the installation was to take place. However, no representative of the Defendant ever showed up. Further, no representative of the Defendant placed any telephone call to the Plaintiff advising that they would not be able to install the dish and receiver at the date and time they were scheduled to do so.

8. Due to the inconvenience suffered by the Plaintiff as a result of the Defendant's failure to show the Plaintiff contacted the Defendant and cancelled the service with the Defendant. The Plaintiff did not receive any goods or services from the Defendant as a result of his response to the solicitation and the cancellation terminated the parties' contractual relationship.

9. In approximately December 2004, Plaintiff received a bill from Defendant in the sum of $137.00. In response, Plaintiff contacted a customer service representative of the Defendant. The customer service representative advised him that their computer showed that the

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - 2

dish and receiver had been installed at the Plaintiff's residence and the billing was for an early termination of service. This was false. No satellite dish or receiver was installed by the Defendant at the Plaintiff's residence.

10. In early January of 2005 the Defendant assigned the alleged debt owed by the Plaintiff in the amount of $137.00 to Nationwide Credit, Inc. of Kennesaw, Georgia. Nationwide Credit advised the Plaintiff that he had an account balance of $137.

11. In response to Nationwide Credit's collection efforts, the Plaintiff advised DirectTV, in writing, both by email and by letter, why the billing was in error. Specifically, the Plaintiff advised DirectTV that he did not receive the equipment for which he was being told he owed DirectTV money.

12. In April of 2005 the Defendant sent a letter to the Plaintiff apologizing for the inconvenience and agreed that no debt was owed.

13. The Plaintiff did not receive any further correspondence from Nationwide Credit, Inc. or Defendant.

14. On December 8, 2005, the Plaintiff received a call at his place of employment from a representative of Riddle and Associates, P.C., Attorneys and Counselors at Law, in Sandy, Utah. Plaintiff was advised that Defendant, contrary to the Plaintiff's wishes that it terminate collection activities against him, had assigned the matter to a Utah law firm. The law firm, acting on Defendant's behalf, placed not only a dunning telephone call to the Plaintiff and sent him a letter threatening legal action if he did not pay the debt. The letter also threatened to make a negative report on the Plaintiff's credit if he did not pay the debt. The amount of the alleged debt had increased to $235.00.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - 3

15. After receiving the telephone call and the follow up letter from Riddle and Associates, the Plaintiff sent Riddle and Associates a letter requesting written proof supporting the alleged obligation. Riddle and Associates has failed to respond to this request.

## COUNT 1

### Violation of the Consumer Protection Act

16. The Plaintiff realleges the above paragraphs as if fully set forth herein.

17. The Defendant, by its conduct of attempting to collect sums of money from the Plaintiff that are not rightly due has engaged in an act or practice which is otherwise misleading, false, or deceptive to the consumer in violation of Idaho Code Section 48-603(17).

18. The Defendant, by its act of attempting to require the Plaintiff to pay a bill which is not justly due has engaged in an unconscionable method, act, or practice in the conduct of trade or commerce which is prohibited pursuant to Idaho Code Section 48-603(18).

## COUNT 2

### Intentional Infliction of Emotional Distress

19. The Plaintiff realleges and incorporates the proceeding paragraphs as if fully set forth herein.

20. The conduct of the Defendant was intentional and/or reckless.

21. The conduct of the Defendant was extreme and/or outrageous.

22. The conduct of the Defendant directly resulted in the Plaintiff suffering extreme emotional distress.

23. The emotional distress suffered by the Plaintiff was, and continues to be, severe.

24. The Defendant knew, or should have known, that its conduct would cause the Plaintiff to suffer emotional distress.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - 4

25. The emotional distress began at the time that the Defendant first attempted to require the Plaintiff to pay to it a sum of money that was not justly due. The Defendant then promised to stop engaging in the inappropriate conduct. Contrary to the Defendant's promise to stop engaging in the inappropriate conduct, it then assigned the debt to a law firm which, in turn, threatened civil litigation and a negative report on the Plaintiff's credit. Thus, this exacerbated the emotional distress and it continues as of the date of this Complaint.

## COUNT 3

### Request for Injunctive Relief

26. The Plaintiff realleges and incorporates the proceeding paragraphs as if fully set forth herein.

27. The complaint demonstrates that the Defendant is threatening to make a negative report to credit reporting agencies if the Plaintiff does not pay a bill that is not justly due and owing. The complaint also reflects that the Defendant, at one point in time, agreed that the debt was not valid.

28. Even though the Defendant had previously indicated that the debt was not due and owing, it has continued to attempt to require the Plaintiff to pay the debt. The Plaintiff seeks an order from this Court prohibiting the Defendant from engaging in further collection activities against him with respect to the alleged debt that is the subject of this lawsuit.

29. Plaintiff also seeks an order from this Court requiring the Defendant and its agents to not take any negative action against the Plaintiff's credit until such time as the Court has had an opportunity to rule on the merits of the Plaintiff's complaint.

30. The failure to enter such an order could result in great or irreparable injury to the Plaintiff in that a negative mark on one's credit has the collateral effect of lowering one's

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - 5

creditworthiness and causes an individual to pay higher interest rates and accept credit on less favorable terms than if negative marks are not on one's credit.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

## PRAYER FOR RELIEF

### AS TO COUNT 1

1. For statutory damages in the amount of at least $1,000, the exact amount to be proven at trial pursuant to Idaho Code Section 48-608(1).

2. For Plaintiff's costs and attorney's fees pursuant to Idaho Code Section 48-608(4).

3. For any such and further relief as the Court deems just.

### AS TO COUNT 2

1. For damages in the amount of at least $10,000, the exact amount to be proven at trial.

2. For leave of this Court to amend the complaint to include a claim for punitive damages.

3. For Plaintiff's costs and attorney's fees spent in the pursuit of this action.

4. For any such and further relief as the Court deems just.

### AS TO COUNT 3

1. For a declaration from this Court that the debt that the Defendant alleges is due and owing is, in fact, invalid.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - 6

2.      For an order from this Court enjoining the Defendant from engaging in further collection activities against the Plaintiff with respect the alleged debt that is the subject of this complaint.

3.      For an order from this Court permanently restraining the Defendant, its agents, or assigns from taking any adverse action against the Plaintiff's credit as a result of the alleged debt.

4.      For any such and further relief as the Court deems just.

DATED this 17th day of January, 2006.

_____
DENNIS M. CHARNEY
Attorney for Plaintiff

## VERIFICATION

STATE OF IDAHO     )
                   ) ss.
County of Ada      )

Joel D. Horton, being first duly sworn upon oath, deposes and says:

That he is the Plaintiff in the above-entitled action; he has read the foregoing Complaint and Demand for Jury Trial, knows the contents thereof, and that the facts therein stated are true and correct to the best of his knowledge and belief.

_____
Joel D. Horton

SUBSCRIBED AND SWORN to before me this 17th day of January, 2006.

_____
Notary Public for Idaho
Residing at: Eagle
My Commission Expires: 1-29-07



VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - 8